Jack Carter, Justice,
concurring.
The majority opinion states that the questions Reginald Reece requested to submit to the jury panel were improper due to their form and that since counsel did not submit other questions in a different form, there is ■ ho error. I cannot conclude that the form of the question was either ’the basis for the trial court’s ruling or the real problem here. The trial court stated that the objection was sustained because the questions were confusing and because they were commitment questions.
I agree with the majority that-the trial court correctly ruled that the proposed questions were improper. In my view, it is improper for either the State or the defense to attempt to compare the punishment verdicts of other cases with the case at hand. Here, the veniremembers were being-asked if they knew about and agreed with punishments assessed in other Bowie County cases. Of course, the venire- *489 members heard no evidence whatsoever of the facts and circumstances of the other cases and, thus, could not properly evaluate the propriety of those punishment as-Sessmerits.' I believe the trial court was properly within its discretion to sustain the State’s objection on this basis,
I concur in the judgment of the court,